UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A.,<br><br>Plaintiff(s),<br><br>v.<br><br>WILLISTON INVESTMENT GROUP, LLC, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-2874 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Heritage Estates Homeowners' Association's (the "HOA") motion to dismiss JPMorgan Chase Bank, N.A.'s ("JPM") complaint. (ECF No. 9). JPM filed a response (ECF No. 16), and the HOA filed a reply (ECF No. 17).

### I. Introduction

The instant litigation involves competing interests in the real property at 5919 Stone Hollow Avenue, Las Vegas, Nevada 89156. (ECF No. 1). JPM asserts claims of declaratory relief, quiet title, and unjust enrichment. (*Id.*).

The HOA argues that, *inter alia*, Nevada Revised Statute ("NRS") § 38.310(1)(a), a statute of limitation, laches, and a failure to properly allege superior title all warrant the dismissal of JPM's claims. *See* (ECF No. 9).

Notably, the foreclosure sale allegedly took place on December 14, 2012, and JPM initiated the instant action on December 12, 2016. (ECF No. 1).

### II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and

**James C. Mahan**
**U.S. District Judge**

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

As an initial matter, declaratory judgment is a form of relief and not itself an independent claim, particularly where the factual and legal allegations asserted in support of this claim are largely reproduced in plaintiff's claim for quiet title. *See* (ECF No. 1); *see also* 28 U.S.C. § 2201(a) (providing a remedy).

#### A. Statutes of limitation

There is no issue of timeliness in this case because the action was brought within four years of the foreclosure sale, and the statutes of limitation for unjust enrichment and quiet title provide periods of four years and five years, respectively. *See U.S. Bank Nat'l Ass'n v. Woodland Vill.*, No. 3:16-cv-00501-RCJ-WGC, 2016 WL 7116016, at *3 (D. Nev. Dec. 6, 2016); *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (citing NRS 11.190(c)(2)); (ECF No. 1).

#### B. Exhaustion

A claim of unjust enrichment must be mediated pursuant to NRS 38.310 before that claim can be asserted in an action. *Bank of Am., N.A. v. Tapestry at Town Ctr. Homeowners Ass'n*, --- F. Supp. 3d ----, No. 2:16-cv-255-JCM-NJK, 2017 WL 2882700, at *3 (D. Nev. July 6, 2017) ("*Tapestry*"); *see also* (ECF No. 9) (unintentionally challenging the fulfillment of the mediation requirement in this case). Thus, this claim will be dismissed as unexhausted.

However, this requirement does not extend to plaintiff's quiet title claim. *See Tapestry*, 2017 WL 2882700, at *2; *see also* Nev. Rev. Stat. § 38.330.

#### C. Allegations of superior title

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*,

918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Upon review of the complaint in this action, JPM has failed to sufficiently assert allegations of fact or law suggesting it may be entitled to quiet title. (ECF No. 1).

To clarify, JPM: (1) has not alleged how it has standing to assert a claim based on the Federal Housing Administration's interest in the property; (2) has not alleged why it would be entitled to additional notice when it acquired its interest in the property *after* the HOA had already recorded a notice of foreclosure sale; (3) admits that it "made preservation payments for the Property" *after* the foreclosure sale had already occurred; (4) makes conclusory allegations as to how there was some kind of "fraud, oppression, and/or unfairness" and therefore does not make allegations sufficient to surmount the *Long v. Towne*, 639 P.2d 528, 530 (Nev. 1982), test for commercial unreasonability;[1] (5) ignores the narrow holding in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("Bourne Valley"); (6) is incorrect in its suggestion that *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014), should not be applied retroactively; and (7) does not recognize that the allegation of the HOA's failure to identify the super-priority portion of an HOA lien does not, by itself, entitle a plaintiff to quiet title. (ECF No. 1 at 2–11); *see also Bank of America, N.A. v. Travata and Montage at Summerlin Centre Homeowners Ass'n, et al.*, No. 2:16-cv-473-JCM-VCF, 2017 WL 3037785, at *2 (D. Nev. July 18, 2017) (collecting cases); *Bank of Am., N.A. v. Valley View Meadows Homeowners Ass'n, Inc.*, No. 2:16-cv-275-JCM-CWH, 2017 WL 2870087, at *8 (D. Nev. July 5, 2017); *Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, --- F. Supp. 3d ----, No. 2:15-cv-1683-JCM-CWH, 2017 WL 843177, at *7 (D. Nev. Mar. 1, 2017).

Thus, JPM has not plausibly pled that it is entitled to quiet title. *Starr*, 652 F.3d at 1216 (9th Cir. 2011).

---

[1] The complaint also contains a variety of other relevantly conclusory allegations. *See* (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

- 4 -

**IV. Conclusion**

In sum, JPM's complaint will be dismissed as to all three claims.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED, without prejudice.

DATED August 1, 2017.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE