UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | Case No. 2:16-CV-2874 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| WILLISTON INVESTMENT GROUP, LLC, et al., | |
| Defendant(s). | |

resently before the court is plaintiff JP Morgan Chase, N.A. ("Chase") and defendant Williston Investment Group, LLC's ("Williston") joint motion pursuant to Federal Rule of Civil Procedure 60(a). (ECF No. 34).

On December 12, 2016, Chase filed a complaint in this court. The complaint alleges three causes of action: (1) declaratory relief; (2) quiet title; and (3) unjust enrichment. (ECF No. 1). Chase named four defendants: Williston, Heritage Estates Homeowners' Association ("Heritage"), Martha Whalin, and Scott Whalin ("the Whalins"). *Id.* On January 5, 2017, Heritage filed a motion to dismiss plaintiff's claims. (ECF No. 9). On August 1, 2017, the court granted the motion. (ECF No. 32). On August 3, 2017, the clerk of court entered judgment in favor of Heritage and against Chase. (ECF No. 33).

FRCP 60 allows courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The Rule 'allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement.'" *Tattersalls, Ltd. V. DeHaven*,

James C. Mahan
U.S. District Judge

745 F.3d 1294, 1298 (quoting *Garamendi v. Henin*, 683 F.3d, 1069, 1079 (9th Cir. 2012)). "The 'touchstone' of Rule 60(a) in all these cases is 'fidelity to the intent behind the original judgment.'" *Id.* (quoting *Garamendi*, 683 F.3d at 1078).

An amended judgment against all named defendants is proper in this case, as that was the original intent of the order granting defendant Heritage's motion to dismiss. As the parties reference in their joint motion, the court's order references dismissal "as to all three claims." (ECF No. 32). The language of the order references plaintiff's failure to assert allegations of fact or law suggesting that plaintiff is entitled to quiet title against any of the defendants. *Id.* Further, plaintiff's third claim for relief, unjust enrichment, references defendant Williston and no other defendants. (ECF No. 1). Therefore, the original intent of the order must have been to dismiss all three claims as to defendant Williston.[1] As the court's ruling originally intended to encompass Williston, modification of the judgment is appropriate. *See Tattersalls*, 745 F.3d at 1297.

As plaintiff notes in its complaint, "the claims asserted against [the Whalins] are nominal in nature." (ECF No. 1). For this reason, and the reasons stated above, the court instructs the parties to submit a proposed amended judgment consistent with the foregoing.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff and defendant's joint motion pursuant to Federal Rule of Civil Procedure 60(a) (ECF No. 34) be, and the same hereby is, GRANTED.

The parties shall submit a proposed amended judgment in the case (ECF No. 33) to include defendants Williston Investment Group, LLC, Martha Whalin, and Scott Whalin within ten (10) days of the date of this order.

DATED October 4, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court noted that declaratory relief is not an independent cause of action, but is instead a form of relief. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**